UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONIQUE JACKSON,                    :

　　　Plaintiff,                    :

V.                                  :   CASE NO. 3:10-CV-389(RNC)

FEDERAL EXPRESS,                    :

　　　Defendant.                    :

RULING AND ORDER

Plaintiff Monique Jackson brought this action against her former employer, Federal Express, alleging violations of various federal statutes.  After discovery closed, the defendant moved for summary judgment on all the claims.  In response to the motion, plaintiff's counsel of record at the time submitted a memorandum opposing summary judgment with regard to only one of the claims, specifically, plaintiff's claim that her employment was terminated in violation of the antiretaliation provision of Title VII.  Plaintiff, who is now proceeding pro se, has moved to reopen discovery (doc. 55).  That motion is denied for substantially the reasons stated by the defendant in its memorandum in opposition to the motion (doc. 56).  With regard to the pending motion for summary judgment, defendant urges that all claims in the complaint besides the retaliation claim should be dismissed in the absence of opposition and that no reasonable jury could find for the plaintiff on the retaliation claim.  I agree with the defendant and therefore grant the motion for summary judgment.

I.    Summary Judgment

      Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a);  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  To avoid summary judgment, the plaintiff must point to admissible evidence that would permit a reasonable juror to return a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  In determining whether this standard is met, the evidence must be viewed in a manner most favorable to the plaintiff.  Id. at 255; Sheppard v. Beerman, 317 F.3d 351, 354 (2d Cir. 2003).

II.   Facts

      The summary judgment record, viewed in a manner most favorable to the plaintiff, would permit a reasonable jury to find the following.

      In 1996, Federal Express hired the plaintiff as a service agent.  For the next nine years, she worked at the defendant's facilities in Stamford and Elmsford, Connecticut.  In 2005, she was transferred to the defendant's facility in Norwalk, Connecticut.  By that time, she had been promoted to the position of senior service agent.

      On January 23, 2006, while working in Norwalk, plaintiff filed an internal complaint stating that she had been subjected to racial and sexual discrimination and harassment.  The

2

complaint focused on the behavior of Franklin Benjamin, who was employed by the defendant as a manager.  In her complaint, plaintiff stated that she had brought the relevant incidents involving Benjamin to the attention of Billy Lipscomb, another manager in Norwalk.  According to the complaint, Lipscomb denied the existence of the incidents involving Benjamin and did nothing to improve plaintiff's situation.  In response to the complaint, the defendant sent the plaintiff a letter dated February 23, 2006.  The letter stated that a human resources advisor had reviewed the complaint and was unable to identify any basis for plaintiff's concerns.

Benjamin was transferred to the Stamford facility effective January 1, 2006, before plaintiff's internal complaint was filed. For most of 2006, plaintiff was supervised by Catherine Peterson and Sheryl Johnson.[1]  Ralph Sylvester, the individual who made the decision to terminate the plaintiff's employment, began working as plaintiff's supervisor on November 1, 2006.  Prior to that time, Sylvester had not met or dealt with the plaintiff.

The defendant's employment policy provides that if an employee receives three warning letters or performance counseling letters within a twelve-month period, the employee may be

---

[1]  Peterson became an operations manager in Norwalk starting February 16, 2006, and Johnson became an operations manager on April 1, 2006.  It appears that plaintiff reported to Peterson as soon as Peterson became an operations manager then reported to Johnson as soon as Johnson became an operations manager.

terminated.  On November 30, 2006, plaintiff received a counseling letter from Sylvester for refusing to assist two fellow employees.  On January 29, 2007, Sylvester issued a performance reminder letter to the plaintiff for failing to assist a courier with a package delivery.  On March 28, 2007, Sylvester issued plaintiff another performance reminder letter for leaving work without completing her job duties.  Plaintiff admits that due to these three disciplinary write-ups within a twelve-month period, she was subject to termination.

On May 16, 2007, plaintiff "zeroed out" an employee's timecard, which was regarded as a significant matter.  She was suspended the next day pending an investigation.  Plaintiff claimed that in "zeroing out" the employee's timecard she was following Sylvester's instructions concerning the way to handle timecards.  On May 21, 2007, Sylvester terminated the plaintiff's employment on the ground that she had at least three written disciplinary notices within a twelve-month period.

III. Discussion

Plaintiff's response to the motion for summary judgment, filed after the close of discovery, offers no opposition to any of the claims in the complaint except the Title VII retaliation claim.  Plaintiff's memorandum in opposition states: "Discovery has yielded the existence of issues of fact with respect to one of [plaintiff's] claims: Title VII retaliation."  (Pl.'s Mem. P.

2).  This statement tacitly admits that there are no issues of
fact with regard to the other claims.  Review of the parties'
Local Rule 56 statements confirms that the other claims do not
raise disputed issues of material fact.  In these circumstances,
I agree with the defendant that plaintiff's other claims should
be dismissed in the absence of opposition, leaving only the
retaliation claim for analysis here.

     Title VII retaliation claims are analyzed using a three-step
burden shifting framework.  See Tepperwein v. Entergy Nuclear
Operations, Inc., 663 F.3d 556, 568 n.6 (2d Cir. 2011); Kaytor v.
Elec. Boat Corp., 609 F.3d 537, 552 (2d Cir. 2010).  At step one,
the plaintiff must establish a prima facie case.  This requires a
plaintiff to show that (1) she participated in protected
activity; (2) the employer knew about the protected activity; (3)
the employer took adverse action against her; (4) and a causal
connection existed between the protected activity and the adverse
action.  If this showing is made, the employer must then provide
a legitimate, nonretaliatory reason for the adverse action.  When
such a reason is proffered, the burden then shifts to the
plaintiff to prove that the defendant's explanation is merely a
pretext and the adverse action was actually motivated by
retaliation.

     Plaintiff contends that she has presented a prima facie case
of retaliation as follows: (1) she filed an internal complaint

alleging discrimination and harassment by her manager, which constitutes protected activity under Title VII ; (2) the defendant had knowledge of the complaint; (3) her employment was terminated; and (4) a causal connection existed between the plaintiff's internal complaint and the termination of her employment.  In moving for summary judgment, defendant focuses on the fourth element of plaintiff's prima facie case.  Defendant argues that plaintiff has not produced sufficient evidence to show a causal connection between her internal complaint filed on January 23, 2006, and her termination on May 21, 2007.  I agree that such evidence is lacking.

A plaintiff can show a causal link between protected activity and adverse employment action through direct or circumstantial evidence.  See Dixon v. Int'l Fed'n of Accountants, 416 Fed.App'x. 107, 110 (2d Cir. 2011).  Plaintiff has no direct evidence that her complaint caused the termination. She has no evidence that Sylvester knew about the complaint when he made the termination decision.  Nor does she have evidence that in deciding to terminate her employment he was influenced by someone with knowledge of her complaint.

Retaliation claims can be based on a temporal nexus between the protected activity and the adverse action.  When a plaintiff relies on temporal proximity, however, the two events must have occurred "very close" to each other in time.  See id. (citing

<u>Clark County Sch. Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001)).  A
three or four month gap may be insufficient by itself to show the
required causal link.  See <u>Breeden</u>, 532 U.S. at 273-74 (citing
cases).  A longer gap, such as the twenty month gap between the
complaint and the adverse employment action in <u>Breeden</u>,
"suggests, by itself, no causality at all."  <u>Id.</u> at 274.  As in
<u>Breeden</u>, the 16-month gap between plaintiff's protected activity
and her termination is too large to support a reasonable
inference of a causal connection between the two.

     Plaintiff urges that two pieces of circumstantial evidence
in the record are sufficient to show a causal connection between
her complaint and the termination of her employment.  First, she
points to the fact that she received performance scores of "above
satisfactory" or better every time she was reviewed.  Viewed in a
light most favorable to her, the scores she received permit an
inference that she generally performed her job duties
satisfactorily until at least June 2006.  However, this fact does
nothing to suggest a causal nexus between plaintiff's January 23,
2006 complaint and her May 17, 2007 termination.  Plaintiff was
terminated by Sylvester, who did not become her supervisor until
November 2006.

     Second, plaintiff contends that her performance review
scores dropped precipitously after she filed the internal
complaint.  This argument is not supported by the record.  The

defendant evaluates its employees on a seven-point scale.  In June 2004, plaintiff received a score of 6.9, her highest score ever.  In June 2005, her score dropped to 5.4, which is still in the "above satisfactory" range.  Plaintiff filed her internal complaint in January 2006.  In June 2006, she received a performance review score of 5.3, which is also in the "above satisfactory" range.  Plaintiff's performance review scores before and after the internal complaint are nearly identical; they vary only by 0.1, and the record does not show that this is a variance of any consequence.  In fact, the only sharp drop in plaintiff's scores happened several months before she filed her complaint in January 2006.

Even if plaintiff has established a prima facie case, her retaliation claim is unavailing because she does not have sufficient evidence to sustain her ultimate burden of proving that the defendant's proffered reason for the termination was a pretext for retaliation.  The record supports the defendant's explanation that it terminated plaintiff's employment after she received three disciplinary write-ups in a twelve month period.  Plaintiff emphasizes that when she "zeroed out" employee timecards, she was following Sylvester's express instructions with regard to timecard practices.  Crediting plaintiff's statement, it does not follow that she was a victim of retaliation.  Even assuming Sylvester was responsible for the way

8

plaintiff "zeroed out" the employee's timecard on May 16, 2007, the evidence does not support a finding that in subsequently terminating her employment he engaged in retaliation prohibited by Title VII.  The governing standard is whether the evidence, taken as a whole, is sufficient to support a reasonable inference that retaliation occurred.  Looking at the record in a light most favorable to plaintiff, there is insufficient evidence to support a reasonable finding that she was fired in retaliation for activity protected by Title VII.  Because the evidence is insufficient in this regard, summary judgment is proper.

III. Conclusion

Accordingly, the motion for summary judgment (doc. 35) is hereby granted.  The Clerk may close the file.

So ordered this 31st day of March 2012.


                                        /s/  RNC
                                Robert N. Chatigny
                             United States District Judge